### HAYWOOD CO. v. PITTSBURGH INDUSTRIAL IRON WORKS.

(District Court, W. D. Pennsylvania. January, 1908.)

BANKRUPTCY—FRAUDULENT SALES—REDELIVERY OF PROPERTY.

> Claimant, in October, 1906, accepted an order from the bankrupt for certain timbers to be shipped from the Pacific Coast, which were not delivered until October, 1907. The bankrupt, in December, 1906, placed a mortgage on its real estate for an amount equal to its full value, and, in addition, on August 1, 1907, made an assignment of all bills receivable, contracts, and assets of every description, and about November 2, 1907, submitted a statement to its creditors disclosing its insolvency, all of which was without the seller's knowledge. *Held*, that the seller was not a mere general creditor of the bankrupt, but that the receipt of the timbers by the bankrupt when delivered amounted to a fraud, entitling the seller to rescind and recover the same from the trustee.

Ralph L. Smith, for petitioner.
R. T. McCready, for creditors.

EWING, District Judge. This is a rule on the receiver to show cause why certain lumber sold and delivered to the bankrupt by one J. W. Cottrell should not be delivered to said vendor.

It seems that in October, 1906, Cottrell took an order from the bankrupt for certain large timbers which had to be procured on and shipped from the Pacific Coast, and that it was about the 1st of October, 1907, when delivery was made to the bankrupt, while on or about December 1, 1906, defendant placed upon its real property a mortgage for an amount equal at least to the full value thereof, and, in addition thereto, on or about August 1, 1907, the bankrupt, without said Cottrell's knowledge, made an assignment of all its bills receivable, contracts, and assets of practically every description, and, furthermore, about November 2, 1907, submitted a statement to its creditors disclosing its insolvency.

It will thus be seen that the bankrupt voluntarily so pledged and incumbered its entire estate, and that at the time the lumber was delivered it had placed itself in a position where it was impossible for it to make payment therefor according to the contract. Unquestionably, had the vendor known these facts, he would not have made delivery, and the acts of the bankrupt in so incumbering and disposing of its property between the time of the contract for, and delivery of, the lumber, and its receipt of the lumber at the time it was advising its creditors of its insolvency, amount to a fraud on said Cottrell and entitles him to relief.

The receiver admits having the lumber in his possession and contests the right of Cottrell to have delivery thereof made to him simply on the ground that he contends said Cottrell is but an ordinary general creditor of the bankrupt. Upon the facts above stated, and without enlarging upon them, I think it is decidedly a case where the said Cottrell occupies a position far in advance of an ordinary general creditor. The conduct of the bankrupt was concealed from Cottrell until after he had made delivery of the lumber. The lumber was only received by the bankrupt immediately preceding its bankruptcy, and no creditors were misled or influenced thereby to their detriment, and the bankrupt itself has no right or equity under the circumstances to retain the material. The rapidity with which the disposition and incumbering of its property by the bankrupt followed the giving of this order for this lumber, and its persistency in continuing that conduct up until the lumber was actually received and it declared to its creditors its insolvent condition, tend to show a lack of bona fides in the whole transaction from its very inception to its close.

The rule is therefore made absolute, and the receiver directed to deliver to said Cottrell all of said material now in his hands.